UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Melody Williams,                                            Case No. 3:14-cv-2472

                 Petitioner

       v.                                                  MEMORANDUM OPINION

Jeff Lisath,

                 Respondent

Before me is the December 23, 2015 Report and Recommendation of Magistrate Judge George J. Limbert recommending denial of Petitioner Melody Williams' action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 45). Also before me are the *pro se* Petitioner's objections[1] (Doc. No. 49) and the Respondent's response (Doc. No. 50). For the reasons stated below, I adopt the Magistrate Judge's recommendations as set forth in the Report and Recommendation.

## I. APPLICABLE LEGAL STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010). "De novo determination requires 'fresh consideration' of a magistrate judge's

---

[1] Under the relevant statute, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); *United States v. Campbell*, 261 F.3d 628 (6th Cir. 2001). The failure to file written objections to a Report and Recommendation constitutes a waiver of a determination by the district court of an issue covered by the report. *Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

recommendation, independent of the magistrate judge's conclusions." 14 MOORE'S FEDERAL PRACTICE § 72.11[2][a] (3d 2017). In conducting a de novo review, the court need not conduct a de novo hearing on the matter. *Lifeng Chen v. New Trend Apparel, Inc.*, 8 F.Supp.3d 406, 416 (S.D.N.Y. 2014), citing *United States v. Raddatz*, 447 U.S. 667, 675-76 (1980).

## II. OBJECTIONS

Objections by *pro se* litigants are to be interpreted leniently and liberally construed. *Erickson v. Pardus*, 551 U.S. 89 (2007). A petitioner must make specific objections to a magistrate's report in order to preserve his claims for appellate review. *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). These objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). *See also Austin v. Bedford Township Police Dep't.*, 859 F.Supp.2d 883, 888 (E.D. Mich. 2011).

In this case, Magistrate Judge Limbert provided a comprehensive twenty-seven page Report and Recommendation. He began by addressing a synopsis of the facts, the underlying procedural history, the Petition, procedural barriers to review, as well as the standard of review. He then set forth a twelve page analysis of the Petitioner's claims before concluding:

> Petitioner has failed to satisfy Rule 2(c) of the Rules Governing Section 2254 and 2255 Cases regarding all grounds for relief alleged in her habeas petition and amended habeas petition other than her ineffective assistance of appellate counsel claim. Additionally, petitioner has failed to exhaust all grounds for relief raised in her habeas petition and amended habeas petition other than her ineffective assistance of appellate counsel claim, and Petitioner has failed to exhaust much of her ineffective assistance of counsel claim because she presents the claim to the court on a theory not fairly presented to the Supreme Court of Ohio. The issues raised in Petitioner's ineffective assistance of appellate counsel claim that have been properly exhausted are without merit because petitioner's appellate counsel was not ineffective when representing Petitioner.
> For the above reasons, the undersigned RECOMMENDS that the Court dismiss Petitioner's petition for a writ of habeas corpus, as originally filed and amended (ECF Dkt. #1, #14) in its entirety with prejudice.

(Doc. No. 45 at pp. 26-27).

Petitioner's objection takes issue with the rulings regarding (1) Rule 2(c); (2) the unexhausted claims other than ineffective assistance of appellate counsel; (3) unexhausted ineffective assistance of appellate counsel claim; (4) ineffective assistance of appellate counsel; (5) jury misconduct and judicial bias (abuse of discretion); (6) transcripts; and (7)miscarriage of justice. (Doc. No. 49).

With regard to Rule 2(c), the Petitioner generally disputes she "fairly presented" a federal claim in state court but does not otherwise take specific issue with the Report.

She begins her second objection stating:

> [t]he Petitioner objects as, where claims for a writ of habeas corpus each assert a claim in terms so particular to call to mind a specific right protected by the constitution and alleges a pattern of facts that is well within the mainstream of constitutional litigation, the petitioner has properly exhausted his state remedies with respect to those claims. *Heck v. Straub*, 377 F.3d 538, 553 (6th Cir. 2004). The petitioner further contends that exhaustion requirements where met on her claims of "jury misconduct" and on "abuse of discretion" even if it was not factually developed, because there was ample discussions in the filing to demonstrate that the petitioner was asserting those claims, for example the petitioner's post-trial motion, her direct appeal, her discretionary appeal, and her two state habeas corpus filings. *Gentry v. Sinclair*, 705 F.3d 884, 897 (9th Cir)[.]

(Doc. No. 49 at p. 3). Again, there are general arguments on the issue of unexhausted claims but she does not take issue with any portion of the Report and Recommendation, she just engages in arguments previously presented. The same is true for the remainder of Petitioner's objections.

Habeas petitioners who argue the merits of a claim but fail to challenge that the magistrate judge's recommendation fails to meet the specific objection requirement. *See Miller*, 50 F.3d at 380 (affirming district court's conclusion that objections disputing the correctness of the magistrate judge's conclusion but failing to specify which findings were erroneous constituted general objections and consequently a failure to object); *Drew v. Tessmer*, 36 Fed. Appx. 561 (6th Cir. 2002) (same). In this case, Petitioner Williams' filing is tantamount to a general objection and has the same effect as a failure to object. *Howard*, 932 F.2d at 509.

## III. CONCLUSION

Following review of the Magistrate Judge's Report and Recommendation, I adopt the recommendations set forth therein. (Doc. No. 45). Williams' Petition and her Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 are denied with prejudice. The failure to file specific objections to a magistrate judge's report also waives appellate review. *Smith*, 829 F.2d at 1373. Therefore, I also decline to issue a certificate of appealability.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge